UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RI KY ROOFING & SHEET METAL, LLC,
an Oregon limited liability company,

       Plaintiff,

    v.

DTL BUILDERS, INC., a Utah corporation,
and THE CINCINATTI INSURANCE
COMPANY, an Ohio surety,

       Defendants.
_____

DTL BUILDERS, INC., a Utah corporation,

       Plaintiff,

    v.

RI KY ROOFING & SHEET METAL, LLC,
an Oregon limited liability company,

       Defendant.
_____

Case Nos. 6:17-cv-01592-JR
6:17-cv-01251-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

    DTL Builders, Inc. ("DTL") moves for leave to file a second amended counterclaim pursuant to Fed. R. Civ. P. 15(a). For the reasons set forth below, DTL's motion is granted.

## BACKGROUND

On June 13, 2017, Ri Ky Roofing & Sheet Metal, LLC ("Ri Ky") commenced a lawsuit in Linn County Circuit Court against DTL, Waverly Land Management, and Winco Foods, asserting claims for breach of contract, quantum meruit, and foreclosure of a construction lien. First Am. Compl. Ex. A, at ¶¶ 3-31 (Case No. 6:17-01592-JR, Doc. 1). Ri Ky's claims are premised on allegedly unpaid construction services provided to DTL between January and March 2017, pursuant to a subcontract for improvements to a Winco Foods store located in Albany, Oregon. Id.

On August 11, 2017, DTL filed a complaint against Ri Ky alleging breach of contract, negligence, and breach of the duty of good faith and fair dealing based on the same construction project and underlying subcontract. Compl. ¶¶ 5-20 (Case No. 6:17-cv-01251-JR, Doc. 1).

On September 11, 2017, Ri Ky amended its complaint, reasserting the same three claims against DTL and The Cincinnati Insurance Company. Second Am. Compl. Ex. C, at ¶¶ 4-29 (Case No. 6:17-01592-JR, Doc. 1). On October 10, 2017, DTL removed Ri Ky's case to this Court.

On October 18, 2017, the Court granted DTL's and Ri Ky's stipulated motion to consolidate. On December 21, 2017, DTL filed an amended complaint. See generally First Am. Countercl. (Case No. 6:17-cv-01592-JR, Doc. 18). That same day, Ri Ky moved to dismiss DTL's breach of the duty of good faith and fair dealing claim ("good faith claim"). Mot. to Dismiss (Case No. 6:17-cv-01592-JR, Doc. 19).

On February 7, 2018, the Court issued a Findings and Recommendation ("F&R") recommending that DTL's good faith claim be dismissed without prejudice. F&R (Case No. 6:17-cv-01592-JR, Doc. 26). On March 28, 2018, Judge Aiken adopted the F&R. Order (Case

No. 6:17-cv-01592-JR, Doc. 31). DTL moved for leave to file a second amended counterclaim and Ri Ky objected. Mot. for Leave to File Second Am. Countercl. (Case No. 6:17-cv-01251-JR, Doc. 23); Response Objections to Motion for Leave to File Second Am. Countercl. (No. 6:17-cv-01251-JR, Doc. 28).

## STANDARD OF REVIEW

Leave to amend pleadings shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion [to amend]." Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amendment is futile if it would be immediately "subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998). In making this determination, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). The proposed complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff must present allegations that are "enough to raise a right to relief above the speculative level." Id. at 555 (citation omitted).

# DISCUSSION

DTL argues that leave to amend its counterclaim should be granted pursuant to Rule 15(a). Ri Ky asserts that the second amended counterclaim should not be allowed because it fails to state a claim for breach of the duty of good faith and fair dealing upon which relief can be granted.

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." Hampton Tree Farms, Inc. v. Jewett, 320 Or. 599, 615, 892 P.2d 683 (1995) (citations omitted). The purpose of this duty "is to prohibit improper behavior [and] ensure that the parties will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Klamath Off-Project Water Users, Inc. v. Pacificorp, 237 Or.App. 434, 445, 240 P.3d 94 (2010) (citation and internal quotations omitted). The good faith doctrine is therefore designed to effectuate the objectively reasonable contractual expectations of the parties. Tolbert v. First Nat'l Bank of Or., 312 Or. 485, 494, 823 P.2d 965 (1991).

In Best, the Oregon Supreme Court cited examples of the "types of bad faith . . . which have been recognized in judicial decisions," including "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance." Best v. U.S. Nat'l Bank of Or., 303 Or. 557, 563, 739 P.2d 554 (1987) (internal citation omitted).

In the F&R, this Court noted that because DTL did not "identify any facts evincing the breach of any objectively reasonable contractual expectation outside the express terms of the contract, the complaint [did] not currently state a plausible good faith claim." F&R 5-6 (Case No. 6:17-cv-01592-JR, Doc. 26 (citing Glob. Exec. Mgmt. Solutions, Inc. v. Int'l Bus. Machs. Corp.,

Page 4 – OPINION AND ORDER

260 F.Supp.3d 1345, 1377 (D. Or. 2017))). In its second amended counterclaim, DTL alleged that Ri Ky breached its duty of good faith and fair dealing by using the wrong insulation boards which were not approved by the manufacturer, failing to install the requisite number of fasteners to hold the boards in place, and installing the boards upside down despite express instructions on the boards indicating which side should be facing down. Mot. for Leave to File Second Am. Countercl. Ex. 2, at ¶ 14 (Case No. 6:17-cv-01592-JR, Doc. 28). An expectation that Ri Ky use proper construction materials and follow proper installation methods qualifies as an objectively reasonable contractual expectation.

Ri Ky argues that there is no allegation that such acts were intentional; however, even if inadvertent, the use of improper materials and improper installation methods would constitute a "lack of diligence and slacking off." Best, 303 Or. at 563. Alternatively, if Ri Ky acted intentionally, such conduct would constitute a "willful rendering of imperfect performance." Id. Thus, taken as true, such acts would establish a breach of good faith and fair dealing under Oregon law. Id. Therefore, DTL has alleged "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Ri Ky also argues that DTL failed to state a claim for breach of good faith because the use of improper materials and the improper installation did not cause any damage. DTL, however, alleged that it had to replace or redo the entire roof system. Mot. for Leave to File Second Am. Countercl. Ex. 2, at ¶ 14 (Case No. 6:17-cv-01592-JR, Doc. 28).[1]

---

[1] Ri Ky also asserts that there is no allegation that the manufacturer's warranty was invalidated. Although DTL does not expressly make such an allegation, DTL did note that the use of improper materials could have resulted in an invalidation of the manufacturer's warranty, but the warranty became a moot point when the entire roof system had to be replaced.

Page 5 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, DTL's motion for leave to file its second amended counterclaim is GRANTED. Any such counterclaim should be filed within ten days of the date of this Order.

DATED this 23rd day of May 2018.

s/ Jolie A. Russo  
JOLIE A. RUSSO  
United States Magistrate Judge